IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 1:08CR62 (GBL) |
| ) | |
| GONS GUTIERREZ NACHMAN, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The United States and the defendant, Gons Gutierrez Nachman, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. The defendant, Gons Gutierrez Nachman, is a Foreign Service Officer in the United States Department of State, where he has been employed since on or about May 2003. His Foreign Service overseas assignments have been as a Political Officer in the United States Embassy at Kinshasa, the Democratic Republic of the Congo and as a Consular Officer in the United States Consulates at Sao Paulo, Brazil, and Rio de Janeiro, Brazil. In both the Democratic Republic of the Congo and in Brazil, NACHMAN was provided with and resided in government provided housing under the control of the United States Government.

2. The defendant possesses both a tourist and a diplomatic United States Passport. As a United States Foreign Service Officer, the defendant was issued a United States Diplomatic Passport, number 900430302, in order to facilitate his authorized travel abroad and for incidental personal travel while at his overseas post. His United States Diplomatic Passport contains the following restriction on its use: "THIS PASSPORT REMAINS THE PROPERTY OF THE UNITED STATES (TITLE 22, CODE OF FEDERAL REGULATIONS, SECTION 51.9) AND

IS VALID AS LONG AS THE LEGAL BEARER OR BEARER'S SPONSOR MAINTAINS THE STATUS WHICH CONTINUES ENTITLEMENT TO THE PASSPORT. ANY USE OF THIS PASSPORT FOR TRAVEL OTHER THAN THAT INCIDENTAL TO THE DISCHARGE OF THE BEARER'S OR SPONSOR'S DIPLOMATIC MISSION IS PROHIBITED, AND PUNISHABLE UNDER TITLE 18, UNITED STATES CODE SECTION 1544."

3. On or about September 26, 2007, the defendant was instructed to cease consular-related activities, and to pack his personal belongings from his workspace at the United States Consulate Rio de Janeiro. The defendant was informed of the reasons behind his removal and was further informed that his assignment was curtailed effective immediately due to the United States Ambassador's loss of confidence in the defendant's ability to carry out his official duties as a Vice Consul. On September 27, 2007, the defendant was removed from his Foreign Service assignment at the United States Consulate in Rio de Janeiro, Brazil. The defendant was instructed to depart Brazil and report to the United States Department of State in Washington, D.C., which he did on September 28, 2007.

4. On October 18, 2007, the defendant gave instructions that his household effects in Brazil be returned to the United States. Pursuant to normal practice for a removed employee, on or about October 19, 2007, a packing company was contracted by the United States Consulate in Rio de Janeiro, Brazil, to pack, remove, and ship the defendant's household effects that were located in his United States provided housing.

5. On November 12, 2007, the defendant, who keeps a diary, made an entry reflecting his "firm decision" to return to Brazil, and explicitly wrote that his decision to pursue a relationship

with a Brazilian national "outweighed risks with the investigation and even my job!!" On November 15, 2007, he purchased his airline tickets to Costa Rica continuing onto Brazil.

6. While officially stationed in the Washington, D.C. area, the defendant submitted a "Request for Leave or Approved Absence" for a federal employee dated November 19, 2007. This leave slip requested accrued annual leave and sick leave from November 20, 2007 through December 20, 2007. The defendant's leave slip further requested leave without pay from December 20, 2007 through February 2, 2008. This request for personal leave was granted the same day that it was requested.

7. On or about November 23, 2007, the defendant used his official diplomatic passport for the personal purpose of traveling to and entering Brazil. On that date, the defendant arrived by airplane at the airport in San Paulo, Brazil, and used his official diplomatic passport to gain entry into the country--the same country that the United States Ambassador had removed him from two months earlier. At no time did the defendant enter the United States Embassy or any United States Consulate in Brazil. The defendant knew that the use of his United States Diplomatic Passport to enter Brazil was without authorization from the United States and was in no way incidental to the discharge of the official duties of a United States diplomatic mission.

8. Beginning on or about August 2004, the defendant engaged in a sexual relationship with a 17 year old minor in the special maritime and territorial jurisdiction of the United States, specifically, in housing provided by the United States Government for its employees stationed in Kinshasa, in the Democratic Republic of the Congo. This apartment was used by and under the control of the United States Government. The defendant's diary reflects that the defendant had sex with this minor on August 24, 2004, September 2, 2004 and September 12, 2004. On August

24, 2004, the defendant's entry records the minor's age as "(17 years old)." On September 12, 2004, the defendant's diary entry records sex with this minor with "some photos and filming of day's events." The government seized, pursuant to a federal search warrant, multiple copies of film depicting the defendant engaged in sexually explicit conduct with this minor from the household property of the defendant shipped from his government provided housing in Brazil. One VHS tape, labeled "2004 Congo Sexual Adventures" has the sexually explicit conduct copied from the original camcorder tapes, which also were seized, and contained the filmed sexually explicit content. The government has identified photographs on the defendant's external hard drive that was seized with his laptop pursuant to federal search warrants. These photographs and film were possessed in the special maritime and territorial jurisdiction of the United States, in that they were produced by the defendant and thereafter possessed by him in both government provided housing in the Democratic Republic of the Congo and thereafter in government provided housing in Brazil. The defendant hand carried the laptop into the continental United States in September 2007. The victim has been located and she confirmed that she was in fact a minor at the time the defendant photographed and filmed sexually explicit conduct with her.

9. Beginning on or about May 2005, the defendant engaged in a sexual relationship with a 14 year old minor in the special maritime and territorial jurisdiction of the United States, specifically, in housing provided by the United States Government for its employees stationed in Kinshasa, in the Democratic Republic of the Congo. This apartment was used by and under the control of the United States Government. The defendant's diary reflects sex with this fourteen year old on May 24, 2005, July 22, 2005, August 30, 2005, September 13, 2005 and September

30, 2005. His diary entries for the first and last dates, May 24, 2005 and September 30, 2005, records that photographs were taken. The government has identified numerous photographs and film of this fourteen year old on the defendant's laptop and among his property seized pursuant to federal search warrants. These photographs and film were possessed in the special maritime and territorial jurisdiction of the United States, in that they were produced by the defendant and thereafter possessed by him in both government provided housing in the Democratic Republic of the Congo and thereafter in government provided housing in Brazil. The victim has been located and she confirmed that she was in fact a minor at the time the defendant photographed and filmed his sexually explicit conduct with her.

10. Beginning on or about November 2006, the defendant began a sexual relationship with a 16 year old minor in the special maritime and territorial jurisdiction of the United States, specifically, in housing provided by the United States Government for its employees stationed in Rio de Janeiro, Brazil. The defendant's diary records that he had sex with this miner on November 15, 2006 and November 19, 2006. His entry for November 15, 2006, records, in part, "sex w/16 yr old Brazilian." Photographs and film of this sexually explicit conduct were seized by law enforcement on the defendant's laptop and among his property pursuant to federal search warrants. These photographs and film were possessed in the special maritime and territorial jurisdiction of the United States, in that they were produced by the defendant and thereafter possessed by him in government provided housing in Rio de Janeiro, Brazil. The victim has been located and confirmed that she was in fact a minor and the defendant knew she was a minor and continuously pursued her knowing she was a minor.

11. This statement of facts includes those facts necessary to support the plea agreement

between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a complete enumeration of all of the facts surrounding the defendant's case.

    Respectfully submitted,

    Chuck Rosenberg
    United States Attorney

By: _____
    Ronald L. Walutes, Jr.
    Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Gons Gutierrez Nachman, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*[signature]*
Gons Gutierrez Nachman
Defendant


I am Gons Gutierrez Nachman's counsel. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*[signature]*
Lorilee M. Gates, Esquire
Stephen J. Stine, Esquire
Counsel for Gons Gutierrez Nachman